IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BURL WOODS,

                                   Case No. 6:16-cv-00380-MO

        Plaintiff,

                                   ORDER

   v.

SAIF CORPORATION, et al.,

        Defendants.

MOSMAN, District Judge.

This prisoner civil rights case comes before the court on plaintiff's Motion for Preliminary Injunctive Relief (#22). Plaintiff filed the Motion on August 3, 2016. The State timely filed its Response on August 25, 2016, and plaintiff did not file any reply brief (which was due September 12, 2016). Plaintiff asserts that the oath of offices for Administrative Law Judges violates the Constitution. He also asserts that the administrative law process is unconstitutional as the courts

1 - ORDER

that preside over claims against state agencies do not provide fair proceedings. He believes this court should enjoin the Office of Administrative Hearings from holding a hearing in his case involving a workplace injury he suffered at his prison.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff may also qualify for a preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127. 1134-35 (9th Cir. 2011). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

It appears that plaintiff's contested case hearing was held in August while briefing was still open on his Motion for

2 - ORDER

Preliminary Injunction.   In this regard, his Motion is now moot. In any event, plaintiff fails to demonstrate a likelihood of success on the oath of Administrative Law Judges.

Moreover, one of the primary bases of plaintiff's Complaint is that defendants have refused to provide him with a contested case hearing in a timely manner.   Plaintiff cannot now alter his claim within his Motion for Preliminary Injunction to state that the hearing he requested upon filing his Complaint should now be enjoined as fundamentally unfair.   Only those issues in plaintiff's Complaint may form the basis for a preliminary injunction. *See Winter v. Natural Res. Def. Council, Inc.,* 129 S.Ct. 365, 374 (2008) (plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits of his claim).   For all of these reasons, plaintiff's Motion for Preliminary Injunctive Relief is denied.

<u>CONCLUSION</u>

Plaintiff's Motion for Preliminary Injunction (#22) is denied.

IT IS SO ORDERED.

DATED this  <u>16th</u>  day of September, 2016.

<u>/s/ Michael W. Mosman</u>
MICHAEL W. MOSMAN
United States District Judge

3 - ORDER